# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEVIN J. STEINKUEHLER                                                               PETITIONER

VS.                                  5:09CV00349 JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                RESPONDENT

## MEMORANDUM AND ORDER

### I. Introduction

Pending before the Court[1] is a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Kevin Steinkuehler. (Docket entry #2). Respondent has filed a Response.[2] (Docket entry #15). Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case. On February 22, 2005, in the Circuit Court of Perry County, Petitioner pled guilty to first-degree murder. (Docket entry #3). He was sentenced to 480 months' incarceration in the Arkansas Department of Correction. *Id.* Petitioner did not appeal the judgment. *Id.*

On May 17, 2005, Petitioner filed a *pro se* petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. (Docket entry #3). In his Rule 37 Petition he argued that: (1) the trial court failed to comply with discovery disclosure rules; (2) his guilty plea was coerced; and (3) his trial attorney provided ineffective assistance of counsel because he advised him to plead guilty. *Id.* The trial court denied the Rule 37 petition on September 11, 2008. *Id.*

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #18).

[2] The Court entered an Order on January 25, 2010, concluding that a Reply would be helpful to the resolution of this action. (Docket entry #16). The Court directed Petitioner to file a Reply on or before February 16, 2010. Petitioner did not file a Reply.

Petitioner appealed the trial court's denial of Rule 37 relief to the Arkansas Supreme Court. (Docket entry #3). Along with his notice of appeal, Petitioner requested the Court to give him additional time to file his appellate brief. *Id.* Without ruling on Petitioner's motion for additional time, the Arkansas Supreme Court dismissed the appeal on the ground that it was clear that he could not prevail. *See Steinkuehler v. State,* CR 08-1228, 2009 WL 485380 (Ark. Feb. 26, 2009)(per curiam).

In this habeas action, filed on November 9, 2009, Petitioner argues that: (1) the trial court failed to comply with discovery disclosure rules; and (2) his trial counsel was ineffective. (Docket entry #2). In his Response, Respondent argues that the Petitioner's first claim is procedurally barred because it was decided on adequate and independent state grounds and that Petitioner's second claim fails on the merits. (Docket entry #15).

For the reasons explained below, the Court concludes that Petitioner's claims are procedurally barred and without merit. Accordingly, the Petition for Writ of Habeas Corpus will be denied, and the case will be dismissed, with prejudice.

## II. Discussion

First, Petitioner contends that the trial court violated his constitutional rights by refusing to disclose evidence showing "a massive amount of restraining orders" that were broken by the alleged victim. (Docket entry #3). Petitioner argues that the evidence of these broken restraining orders would have shown that law enforcement and state officials ignored Petitioner and his wife's plea for help and "placed the Petitioner in a situation that caused this shooting to happen." *Id.*

According to Respondent, Petitioner has procedurally defaulted this claim by failing to raise it on direct appeal. (Docket entry #15). In a habeas action, a federal court "is prohibited from

2

reviewing an issue the state court has resolved on an adequate and independent state ground, including procedural default." *Winfield v. Roper*, 460 F.3d 1026, 1036 (8th Cir. 2006). A state procedural rule is an "independent" state basis for decision when "it is neither intertwined with, nor dependent upon, federal law[.]" *Malone v. Vasquez*, 138 F.3d 711, 717 (8th Cir. 1998) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). Moreover, it is an "adequate" basis for a decision when it meets the test articulated in *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991), *i.e.*, the state procedural rule "must have been firmly established, regularly followed, and readily ascertainable" when applied to the petitioner. *Malone*, 138 F.3d at 717.

In deciding Petitioner's Rule 37 appeal, the Arkansas Supreme Court held that Petitioner's claim was not cognizable in a Rule 37 petition because it concerned discovery and evidentiary matters. *Steinkuehler*, 2009 WL 485380 at *1. The Court held that, under Arkansas law, "allegations regarding evidentiary issues are not the proper basis for a Rule 37.1 petition." *Id.* (citing *Johnson v. State,* 321 Ark. 117, 900 S.W.940 (1995)). The Court concluded that "[a]rguments of this nature constitute a direct attack on the judgement and thus cannot be raised in a postconviction proceeding." *Steinkuehler,* 2009 WL 485380 at * 1. Because the Arkansas Supreme Court found that Petitioner's claim was *not* preserved for review, based on an adequate and independent state ground, this Court must conclude that he procedurally defaulted the claim.

Nonetheless, the Court may still proceed to the merits of the claim if Petitioner can demonstrate the "cause and prejudice" or "actual innocence" exceptions to procedural default. *See Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995) (cause and prejudice exception generally requires a showing of "some external impediment" that prevented the raising of a habeas claim, and that the "obstacle caused actual prejudice."); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (actual

innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."). If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995).

Petitioner argues that alleged discovery errors were so fundamental that it renders the trial court judgment void and open for collateral attack. (Docket entry #3). He contends that the exclusion of the discovery "made it impossible for any trier of fact to reach a fair conclusion, as to Petitioner's guilt or innocence" and it directly prejudiced his case. (Docket entry #3). In making this argument, Petitioner seeks to cast his claim as one which the Arkansas Supreme Court has characterized as "so fundamental as to render the judgment void and open to collateral attack." *Neal v. State*, 270 Ark. 442, 605 S.W.2d 421, 424 (1980). However, in denying Petitioner's Rule 37 petition, the Arkansas Supreme Court made it clear that it did *not* find the claim so fundamental that it had to be addressed on its merits. *Steinkuehler,* 2009 WL 485380 at * 1. Because the rule articulated in *Neal v. State* is not applicable to Petitioner's habeas claim he has failed to show "cause" for his procedural default.

Additionally, Petitioner has not demonstrated a miscarriage of justice through actual innocence. While Petitioner suggests that the murder occurred due to the inaction of the police, this is not a claim of "actual innocence." (Docket entry #3). In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001); *see also Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime").

Petitioner has not established cause sufficient to satisfy the "cause and prejudice" exception nor has he come forward with new reliable evidence establishing the "actual innocence" exception to the procedural default rule. Thus, his first claim for habeas relief is procedurally barred.

Second, Petitioner argues that his attorney was ineffective for advising him to enter a plea of guilty to first-degree murder. (Docket entry #3). According to Petitioner, his attorney "coerced" his guilty plea by threatening him with the death penalty. (Docket entry #3). Petitioner contends that, if he had been permitted to have a jury trial, he would have been able to show that the victim repeatedly violated restraining orders filed by the Petitioner and his wife and that the police failed to protect the Petitioner and his wife, "which ultimately ended in the shooting in question." (Docket entry #3).

In order to make a successful ineffective assistance of counsel claim in a habeas case involving a guilty plea, a "petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001)(quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Eighth Circuit has recognized that a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)(quoting *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985)). Moreover, the United States Supreme Court has held that a petitioner's post-guilty plea contentions "that in the face of the record are wholly incredible" should be summarily dismissed. *Blackledge v. Allison*, 431 U.S. 63 (1977).

The Arkansas Supreme Court analyzed Petitioner's ineffective assistance of counsel claim

pursuant to the standard set forth by the United States Supreme Court in *Strickland v. Washington.* 466 U.S. 668 (1984)(stating standard for ineffective assistance of counsel is petitioner must prove that counsel's performance was deficient and, as a result, petitioner was deprived of a fair trial). Applying *Strickland*, the Court first found that Petitioner failed to establish that counsel was ineffective for advising him to enter a plea of guilty. *Steinkuehler,* 2009 WL 485380 at * 1.

As to prejudice, the Court began by noting that "a defendant whose conviction is based on a plea of guilty ordinarily will have difficulty in proving prejudice since his plea rests on the admission in court that he did the act with which he is charged." *Id.* at *2. The Court pointed out that, in Petitioner's plea hearing, he admitted that he was guilty, denied that his plea was coerced, acknowledged that he understood that entertaining a guilty plea waived his right to a jury trial, and stated that he was satisfied with his attorney's representation. *Id.* Furthermore, in the trial court's order denying the Rule 37 Petition, it found that Petitioner's guilty plea "was voluntarily and intelligently entered." *Id.* Accordingly, the Arkansas Supreme Court held that Petitioner had provided no proof supporting his claim of coercion or prejudice in entering his guilty plea. *Id.*

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner may not obtain relief with respect to any claim adjudicated on the merits in a state court proceeding unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. *See* 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law

or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  A presumption of correctness attaches to factual determinations made by a state court, and a habeas petitioner must rebut this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The reasoning and the result of the Arkansas Supreme Court's decision does not contradict federal law. *Early*, 537 U.S. at 8. The Court applied the clearly established federal standard for evaluating ineffective assistance of counsel claims as set forth in *Strickland v. Washington*. This Court finds that the Arkansas Supreme Court reasonably applied that standard to the facts of Petitioner's case. Thus, the Court finds that Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim.

### III. CONCLUSION

IT IS THEREFORE ORDERED THAT the Petition for Writ of Habeas Corpus (docket entry #2) is DENIED, and the case DISMISSED, WITH PREJUDICE.

Dated this 15th day of April , 2010.

_____
UNITED STATES MAGISTRATE JUDGE